```
 1

 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                      WESTERN DISTRICT OF MISSOURI
 3                         SOUTHERN DIVISION

 4  UNITED STATES OF AMERICA,    ) Case No. 17-03047-01-CR-S-MDH
                                 )
 5          Plaintiff,            ) Springfield, Missouri
                                 ) June 1, 2017
 6  v.                            )
                                 )
 7  ROBBIE R. ROBINSON,           )
                                 )
 8          Defendant.            )
    _____)
 9
              TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10              BEFORE THE HONORABLE DAVID P. RUSH
                  UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:         Mr. Randall D. Eggert
13                             Assistant United States Attorney
                               901 St. Louis St., Ste. 500
14                             Springfield, MO  65806
                               (417) 831-4406
15
    For the Defendant:         Mr. Ian A. Lewis
16                             Federal Public Defender's Office
                               901 St. Louis St., Ste. 800
17                             Springfield, MO  65806
                               (417) 873-9022
18
    Court Audio Operator:      Ms. Karla Berziel
19
    Transcribed by:            Rapid Transcript
20                             Lissa C. Whittaker
                               1001 West 65th Street
21                             Kansas City, MO  64113
                               (816) 914-3613
22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

(Court in Session at 9:32 a.m.)

THE COURT: Calling in *United States vs. Robbie Robinson*. The defendant appears in person along with his attorney, Mr. Ian Lewis. The United States appears by Assistant United States Attorney, Mr. Randy Eggert. This matter is set this morning for a change of plea to the Indictment returned against this defendant on April 6th, 2017, pursuant to a written Plea Agreement. And that Plea Agreement is pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Mr. Robinson, you have signed a consent to have these proceedings for a plea of guilty -- (clearing throat) excuse me -- before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for the acceptance of the plea of guilty and sentencing. Even though you signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the United States establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify it would not be held against you as that is your right. If, after

1  understanding the charge against you, the range of punishment, if
2  convicted, and your right to appear before a District Judge, if
3  you wish, you may waive or give up that right and proceed this
4  morning before the Magistrate Judge. As I indicated, you have
5  signed such a consent. Do you understand that you have a right
6  to appear before a United States District Judge, a judge of
7  higher jurisdiction, for these proceedings?
8      MR. ROBINSON: Yes, sir.
9      THE COURT: And is it your desire to give up that right
10 and proceed this morning before the Magistrate Judge?
11     (Off Record: Attorney-Client Discussion)
12     MR. ROBINSON: Yes, sir.
13     THE COURT: Mr. Robinson, do you understand the charge
14 against you in the Indictment in this case?
15     MR. ROBINSON: Yes, sir.
16     THE COURT: And do you understand that if convicted of
17 the charge in the Indictment, that the maximum penalty the court
18 may impose is not more than 10 years imprisonment, not more than
19 a $250,000 fine, not more than three years supervised release,
20 and a $100 mandatory special assessment?
21     MR. ROBINSON: Yes, sir.
22     THE COURT: To the charge in the Indictment, how do you
23 wish to plead, guilty or not guilty?
24     MR. ROBINSON: Guilty.
25     THE COURT: Would you please raise your right hand? As

1  best you can raise your right hand.
2              ROBBIE R. ROBINSON, DEFENDANT, SWORN
3       THE COURT: And Mr. Lewis, now that he's standing up
4  would you just direct that microphone up? Thank you. Mr.
5  Robinson, has anyone made any threat of any kind to force you to
6  plead guilty or give up any of the other rights that we've
7  discussed this morning?
8       MR. ROBINSON: No, sir.
9       THE COURT: You've signed a Plea Agreement. Have you
10 read that and gone over it with your attorney?
11      MR. ROBINSON: Yes, sir.
12      THE COURT: Do you understand what's in it?
13      MR. ROBINSON: Yes, sir.
14      THE COURT: Other than what is contained in the Plea
15 Agreement, has anyone made any promise of any kind to induce you
16 or overcome your will to get you to plead guilty or give up any
17 of the other rights we've discussed?
18      MR. ROBINSON: No, sir.
19      THE COURT: I mentioned to you that there was a
20 supervised release term of not more than three years that could
21 be imposed in your case. Do you understand that if that term
22 were imposed and then revoked for any reason, that you could be
23 required to serve an additional term of imprisonment of not more
24 than two years, and if that happened, you would receive no credit
25 for any other time you had spent either in custody or on release?

1    (Off Record: Attorney-Client Discussion)
2         MR. ROBINSON: Yes, sir.
3         THE COURT: Yeah, Mr. Robinson, I know you're going to
4    be subject to a sentence of imprisonment as I told you
5    previously. But, also, when you're sentenced, the court will
6    impose a period of supervised release. So, after you've served
7    your time, you will be then released and still be under a
8    sentence. It's sort of like probation after you've done your
9    time. So you'll be on supervised release. During that period if
10   you would violate your supervised release, then I'm explaining to
11   you that you could be revoked and have to serve an additional
12   term of imprisonment. However, in your case, it could not be
13   more than two years based on the type of offense that you're
14   pleading to and as your attorney explained to you, if that
15   happened, you won't receive any credit for any other time you'd
16   spent either in custody or on release. So that's my question.
17   Do you understand that?
18        MR. ROBINSON: Yes, sir.
19        THE COURT: And then do you understand that if your
20   supervised release were to be revoked because you violated it and
21   that you were then sentenced and received another period of
22   incarceration, do you understand that the court could impose an
23   additional term of supervised release, which is governed by the
24   maximum of the statute, minus any time you'd spent in custody as
25   a result of a violation?

1    MR. ROBINSON: I understand.

2    THE COURT: Do you understand, Mr. Robinson, that from a
3 sentence imposed in your case that there is no parole?

4    MR. ROBINSON: Yes, sir.

5    THE COURT: Do you understand that there are Sentencing
6 Guidelines to which the District Court would refer to in an
7 advisory capacity when attempting to fashion a reasonable
8 sentence in your case?

9    MR. ROBINSON: Yes, sir.

10   THE COURT: Now, Mr. Robinson, your Plea Bargain
11 Agreement provides that this plea is entered under the provisions
12 of Rule 11(c)(1)(C) and provides that the court must impose the
13 sentence as follows. And I'm reading directly from your Plea
14 Agreement, Paragraph 6(a): "Ninety-one months imprisonment
15 followed by a three-year term of supervised release with the
16 special condition that the defendant register as a sex offender
17 as provided by state and federal law, as well as any other
18 conditions of supervised release deemed appropriate by the
19 court." And, Mr. Robinson, if the court accepts this Plea
20 Agreement and, that is, the District Court, the sentencing court,
21 then you would be informed that the sentence will be imposed in
22 accordance with agreement of the parties, as I've just stated to
23 you. If the court rejects the Plea Agreement it will, on the
24 record in an open court, inform all parties that the court
25 rejects the Plea Agreement and advise you personally that because

1  the court is rejecting the Plea Agreement, that the court is not
2  required to impose the sentence in accordance with the agreement
3  of the parties. At that point, if that happened, you are given
4  the opportunity to withdraw your plea of guilty. If you do not
5  withdraw your plea of guilty, then the court is free to dispose
6  of the case less favorably toward you than the Plea Bargain
7  contemplates. Do you understand that this is the sentencing
8  procedure to which you have agreed to in this case?
9      MR. ROBINSON: Yes, sir.
10      THE COURT: Now, have you reviewed the guideline
11  applications in Paragraph 10 of -- that are referred to in the
12  Plea Agreement, as well as Paragraph 6(a) with Mr. Lewis?
13      MR. ROBINSON: Yes, sir.
14      THE COURT: And then understanding the terms of this
15  Plea Agreement then with regard to the sentence is it your desire
16  for the court to accept the plea of guilty?
17      MR. ROBINSON: Yes, sir.
18      THE COURT: Mr. Robinson, you have a right to a trial by
19  jury with all the protections that I explained to you at the
20  beginning of these proceedings. Do you understand your right to
21  a trial by jury?
22      MR. ROBINSON: Yes, sir.
23      THE COURT: And do you understand that if the court
24  accepts your plea of guilty that there won't be a trial?
25      MR. ROBINSON: Yes, sir.

1          THE COURT:  I'm going to ask you about the offense
2    charged in the Indictment.  I would remind you that you are under
3    oath.  You must answer truthfully.  Any false answers could
4    result in charges of false swearing or perjury.  You always have
5    the right to remain silent.  And I want to refer you to your Plea
6    Bargain Agreement, specifically on page 2, Section 3 or Paragraph
7    3, which is entitled in bold **Factual Basis for Guilty Plea**.  Have
8    you read Paragraph 3 and gone over it with Mr. Lewis?
9          MR. ROBINSON:  Yes, sir.
10         THE COURT:  And are the statements contained in Section
11   3 true?
12         MR. ROBINSON:  Yes, sir.
13         THE COURT:  Mr. Lewis, you've had access to the
14   Government's discovery file in this case, have you not?
15         MR. LEWIS:  I have, Your Honor.
16         THE COURT:  And based upon your review of the discovery
17   file, are you satisfied if put to proof, that the United States
18   could make a submissible case as to all the elements pertaining
19   to the Indictment in this case?
20         MR. LEWIS:  I am, Your Honor.
21         THE COURT:  There is an adequate factual basis for the
22   plea of guilty to the Indictment.  I find that the plea is
23   voluntary and did not result from force, threats or promises
24   other than those set forth in the Plea Agreement.  Mr. Robinson,
25   you are represented in this case by Mr. Lewis.  Have you had

1 enough time to talk with him about your case?

2 MR. ROBINSON: Yes, sir.

3 THE COURT: And are you satisfied with the advice that
4 he's given you?

5 MR. ROBINSON: Yes, sir.

6 THE COURT: The law requires me to ask you if this
7 morning you are on any medication prescribed by a physician or
8 any drugs or alcohol of any kind which would affect your ability
9 to understand these proceedings?

10 MR. ROBINSON: No, sir.

11 THE COURT: The Plea Bargain Agreement that you've
12 signed also contains what we refer to as an appeal waiver. And I
13 want to refer you back again to your Plea Bargain Agreement to
14 Paragraph 15 on page 11 which is entitled in bold **Waiver of**
15 **Appellate and Post-Conviction Rights**. Have you read Paragraph 15
16 and gone over it with Mr. Lewis?

17 MR. ROBINSON: Yes, sir.

18 THE COURT: And do you understand that by signing this
19 Plea Agreement that you've given up those rights to appeal as set
20 forth in Paragraph 15?

21 MR. ROBINSON: Yes, sir.

22 THE COURT: Understanding that and the other matters
23 that we've discussed this morning, is it your desire for the
24 court to accept the plea of guilty?

25 MR. ROBINSON: Yes, sir.

1  THE COURT: Mr. Eggert, on behalf of the United States,
2  do you have any other record under Rule 11 that you think I need
3  to make?
4  MR. EGGERT: No, Your Honor.
5  THE COURT: Mr. Lewis, on behalf of the defendant, do
6  you have any other record under Rule 11 you think I need to make?
7  MR. LEWIS: No, Your Honor. Thank you.
8  THE COURT: I will recommend that the plea of guilty be
9  accepted and I will order a Presentence Investigation to be
10 conducted by the Probation Office. Mr. Robinson, good luck to
11 you, sir. With that, we'll be in recess.
12            (Court Adjourned at 9:43 a.m.)

11

         I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.


          /s/ Lissa C. Whittaker           June 6, 2017
          Signature of transcriber            Date